UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN BATH,

    Plaintiff,

vs.

WOODLAND MEADOWS
ROMULUS, LLC,

    Defendant.
_____/

Civil Action No.
08-CV-13379

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is presently before the court on defendant's motion for summary judgment [docket entry 23]. Plaintiff has filed a response brief and defendant has filed a reply. Pursuant to E.D. Mich. LR 7.1(e)(2), the court shall decide this motion without oral argument.

Plaintiff worked for defendant as a "plant specialist" from July 2005 until November 2008. As a plant specialist, plaintiff was responsible for operating and maintaining defendant's Woodland Meadows "landfill gas processing plant" located in Wayne, Michigan. Pl.'s Dep. at 38. This plant processes methane gas from a landfill owned by Waste Management and then sends the gas through a pipeline to the Ford Wayne assembly plant. *Id.* at 38, 41. During this time plaintiff was defendant's only employee at this plant, and he "was responsible for the operation of it 24 hours a day, seven days a week . . ." *Id.* at 41.

In Count 1 of the amended complaint plaintiff alleges that defendant failed to pay him overtime, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* From July 25, 2006, to June 30, 2008, plaintiff claims to have worked "345 hours of recorded overtime and 1035 hours of unrecorded overtime," for which he has not been compensated. Am. Compl. ¶

7. He seeks to be paid for these hours, at time and a half, plus liquidated damages, attorney fees and costs. In Count 2 plaintiff asserts a claim for constructive discharge.

In the motion presently before the court, defendant argues that it is entitled to summary judgment on Count 1 because plaintiff was an "exempt" administrative employee who is not covered by the overtime provision of the FLSA.[1] Plaintiff argues the exemption does not apply to him. Defendant seeks summary judgment on Count 2 because the FLSA does not provide plaintiff with a cause of action for constructive discharge on the facts of this case and because he was actually, not constructively, discharged. As plaintiff has not responded to these arguments, the court deems this claim to be abandoned.

The FLSA exemption at issue is found at 29 U.S.C. § 213(a)(1), which states:

**§ 213. Exemptions**

**(a) Minimum wage and maximum hour requirements**

The provisions of section 206 (except subsection (d) in the case of paragraph (1) of this subsection) and section 207 of this title shall not apply with respect to–

(1) any employee employed in a bona fide executive, administrative, or professional capacity . . .

The Secretary of Labor has issued regulations defining these terms. An employee "employed in a bona fide . . . administrative . . . capacity" is defined as one

(1) Compensated on a salary or fee basis at a rate of not less than

---

[1] Under 29 U.S.C. § 207(a)(1), an employer may not "[e]xcept as otherwise provided in this section . . . employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of [these] hours . . . at a rate not less than one and one-half times the regular rate at which he is employed."

> $455 per week . . . , exclusive of board, lodging or other facilities;
>
> (2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and
>
> (3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

29 C.F.R. § 541.200(a).

The phrase "directly related to the management or general business operations of the employer" has been defined as follows:

> (a) To qualify for the administrative exemption, an employee's primary duty must be the performance of work directly related to the management or general business operations of the employer or the employer's customers. The phrase "directly related to the management or general business operations" refers to the type of work performed by the employee. To meet this requirement, an employee must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment.
>
> (b) Work directly related to management or general business operations includes, but is not limited to, work in functional areas such as tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; labor relations; public relations, government relations; computer network, internet and database administration; legal and regulatory compliance; and similar activities. Some of these activities may be performed by employees who also would qualify for another exemption.
>
> (c) An employee may qualify for the administrative exemption if the employee's primary duty is the performance of work directly related to the management or general business operations of the employer's customers. Thus, for example, employees acting as advisers or consultants to their employer's clients or customers (as tax experts or financial consultants, for example) may be exempt.

3

29 C.F.R. § 541.201.

The phrase "discretion and independent judgment" as used in 29 C.F.R. § 541.200(a)(3) has been defined as follows:

> (a) To qualify for the administrative exemption, an employee's primary duty must include the exercise of discretion and independent judgment with respect to matters of significance. In general, the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered. The term "matters of significance" refers to the level of importance or consequence of the work performed.
>
> (b) The phrase "discretion and independent judgment" must be applied in the light of all the facts involved in the particular employment situation in which the question arises. Factors to consider when determining whether an employee exercises discretion and independent judgment with respect to matters of significance include, but are not limited to: whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices; whether the employee carries out major assignments in conducting the operations of the business; whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business; whether the employee has authority to commit the employer in matters that have significant financial impact; whether the employee has authority to waive or deviate from established policies and procedures without prior approval; whether the employee has authority to negotiate and bind the company on significant matters; whether the employee provides consultation or expert advice to management; whether the employee is involved in planning long- or short-term business objectives; whether the employee investigates and resolves matters of significance on behalf of management; and whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances.
>
> (c) The exercise of discretion and independent judgment implies that the employee has authority to make an independent choice, free from immediate direction or supervision. However, employees can exercise discretion and independent judgment even if their decisions or recommendations are reviewed at a higher level. Thus, the term

"discretion and independent judgment" does not require that the decisions made by an employee have a finality that goes with unlimited authority and a complete absence of review. The decisions made as a result of the exercise of discretion and independent judgment may consist of recommendations for action rather than the actual taking of action. The fact that an employee's decision may be subject to review and that upon occasion the decisions are revised or reversed after review does not mean that the employee is not exercising discretion and independent judgment. For example, the policies formulated by the credit manager of a large corporation may be subject to review by higher company officials who may approve or disapprove these policies. The management consultant who has made a study of the operations of a business and who has drawn a proposed change in organization may have the plan reviewed or revised by superiors before it is submitted to the client.

(d) An employer's volume of business may make it necessary to employ a number of employees to perform the same or similar work. The fact that many employees perform identical work or work of the same relative importance does not mean that the work of each such employee does not involve the exercise of discretion and independent judgment with respect to matters of significance.

(e) The exercise of discretion and independent judgment must be more than the use of skill in applying well-established techniques, procedures or specific standards described in manuals or other sources. See also § 541.704 regarding use of manuals. The exercise of discretion and independent judgment also does not include clerical or secretarial work, recording or tabulating data, or performing other mechanical, repetitive, recurrent or routine work. An employee who simply tabulates data is not exempt, even if labeled as a "statistician."

(f) An employee does not exercise discretion and independent judgment with respect to matters of significance merely because the employer will experience financial losses if the employee fails to perform the job properly. For example, a messenger who is entrusted with carrying large sums of money does not exercise discretion and independent judgment with respect to matters of significance even though serious consequences may flow from the employee's neglect. Similarly, an employee who operates very expensive equipment does not exercise discretion and independent judgment with respect to matters of significance merely because improper performance of the employee's duties may cause serious financial loss to the employer.

29 C.F.R. § 541.202.

"The exemptions to the FLSA's overtime provisions are to be narrowly construed against the employers seeking to assert [them], and the employer bears not only the burden of proof, but also the burden on each element of the claimed exemption." *Martin v. Indiana Michigan Power Co.*, 381 F.3d 574, 578 (6th Cir. 2004) (internal quotations and citations omitted). "The applicability of an FLSA exemption is an affirmative defense that an employer must establish by a preponderance of the evidence." *Baden-Winterwood v. Life Time Fitness, Inc.*, 566 F.3d 618, 626 (6th Cir. 2009). Further, as defendant is raising the issue on summary judgment, the court "must draw all reasonable inferences in favor of the nonmoving party." *Brooks v. Rothe*, 577 F.3d 701, 706 (6th Cir. 2009), citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). *See also Bowers v. NOL, LLC,* 114 Fed.Appx. 739, 741 (6th Cir. 2004) (reversing grant of summary judgment for defendant because "a genuine issue of fact remains for trial as to the nature of [plaintiff's] duties, and whether he was exempt from the overtime requirements of the FLSA, an issue on which the employer bears the burden at trial"); *Schaefer v. Indiana Michigan Power Co.*, 358 F.3d 394, 407 (6th Cir. 2004) (same).

Defendant argues that plaintiff comes within the administrative employee exemption because he meets all three requirements of the test delineated in 29 C.F.R. § 541.200(a). Plaintiff concedes that he satisfies the first of these requirements regarding his compensation,[2] but he disputes that he satisfies either the second or the third requirement regarding the nature of his work duties or the extent to which he was required to exercise discretion and independent judgment.

---

[2] Under 29 C.F.R. § 541.200(a)(1), an exempt administrative employee must be "[c]ompensated on a salary or fee basis at a rate of not less than $455 per week." Plaintiff was paid a salary of $3,333.34 per month. *See* Def.'s Mot. for Summ. J., Ex. C.

Defendant has failed to demonstrate that no genuine factual dispute exists as to these requirements.  The second requirement of the administrative employee exemption is that the employee's primary duty must be "the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers."  29 C.F.R. § 541.200(a)(2).  The record, viewed in the light most favorable to plaintiff, does not indicate that plaintiff's job as a plant specialist or plant operator, as he performed it, can be characterized in this manner.

First, defendant has not shown that plaintiff's primary duty was the performance of "office or non-manual work."  Plaintiff testified that his job was to actually operate the plant, which included starting it, finding vendors to perform certain repair work, working with Waste Management and Ford to solve problems with the gas supply and the gas pipelines, and identifying and solving operating problems. Pl.'s Dep. at 41, 42, 51, 59-64.  Plaintiff "performed everything that was done there . . . from cleaning the toilet to mopping the floor to weed-eating around the buildings . . . parts organization, storage, record-keeping, I mean, there's nothing there I didn't do." *Id.* at 66-67.  Plaintiff did much if not all of the routine maintenance himself, including "disassembl[ing] the coolers" and "drain[ing] all the glycol out of the system."  *Id.* at 78.  He regularly monitored and calibrated gas chromatographs.  *Id.* at 81.  While plaintiff also performed some office or non-manual work, such as filling out purchase orders and maintaining plant operator logs, *see* Pl.'s Dep. at 47-48, defendant has not shown that these tasks were his "primary duty," as this term is defined by 29 C.F.R. § 541.700.[3]  In fact, it would appear that plaintiff is more accurately

---

[3] To the contrary, plaintiff's supervisor, Lou Kruger, the manager of plant operations, testified that a plant specialist such as plaintiff

7

described as a non-management, "blue-collar" operating engineer, who would not be exempt. *See* 29 C.F.R. § 541.3(a). In any event, on the present record the court must resolve this issue in plaintiff's favor.

Second, defendant has failed to show conclusively that plaintiff's primary duty is the performance of work that is "directly related to the management or general business operations of the employer or the employer's customers." 29 C.F.R. § 541.200(a)(2). Defendant attempts to place plaintiff into this category by arguing that his work was related to the management or general operation of the Woodland Meadows plant. This argument fails because the test is not whether plaintiff managed or operated *his plant*, but rather whether his work was related directly to "management or general business operations of the employer." As 29 C.F.R. § 541.201(a) makes clear, this means the employee's work must relate "to assisting with the running or servicing *of the business, as distinguished, for example, from working on a manufacturing production line* . . ." (Emphasis added.) The examples provided in 29 C.F.R. § 541.201(b) clarify that the exemption

---

> handles day-to-day operations of the facility, more or less the management of all aspects while he's there and . . . ensure[s] the job is done as far as having contractors on site, what is going on. I mean if it's him doing the work that day or having somebody there doing the work, making recommendations about what work needs to be done and getting the work scheduled and completed; basically operating the plant.
>
> \* \* \*
>
> Would he daily need to make adjustments and check things; sure. Would he need to fix it if it broke; sure. And if he didn't fix it maybe he had somebody in to make the repair depending on the level of work that needed to be done.

Kruger Dep. at 6.

8

applies to white-collar work such as finance, accounting, human resources, and labor and government relations, not blue-collar, factory or production work. Operating and maintaining a gas processing plant would appear to be indistinguishable in this context from working on a manufacturing production line. Neither is exempt.

For the reasons stated above, the court concludes that defendant has failed to show plaintiff is exempt under 29 U.S.C. § 213(a)(1) because it has not demonstrated plaintiff's "primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers."[4] Defendant's summary judgment motion is denied as to plaintiff's FLSA claim on this basis.

Defendant also argues it is entitled to summary judgment on the FLSA claim because plaintiff has no reliable documentation showing the number of overtime hours he worked. At his deposition, plaintiff testified that he did not keep a record of these hours, but that they could be calculated based on his logs and other reports. *See* Pl.'s Dep. at 71-72.

The law on this issue is as follows:

---

[4] Because defendant has failed to make this showing, the court need not analyze the third requirement of the exemption – i.e., whether plaintiff's "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." Nonetheless, the court notes for the parties' benefit that, on the present record, the court would resolve this issue in plaintiff's favor as well. While plaintiff testified that he exercised some discretion in performing his job (e.g., in researching and selecting vendors for particular repair work), the regulations make clear that this is not the type of discretion at issue in 29 U.S.C. § 213(a)(1). Rather, "discretion and independent judgment with respect to matters of significance" refers to such things as the employee's "authority to formulate, affect, interpret, or implement management *policies or operating practices*," his ability to bind the employer financially or legally, and his involvement in the management of the business. 29 C.F.R. § 541.202 (emphasis added). Plaintiff's ability to work more or less independently *at his plant* has little, if any, bearing on these larger issues. Moreover, the record suggests that even within his plant plaintiff could not select vendors or purchase equipment or supplies on his own; rather, he could only make recommendations on these matters to his supervisor. *See* Kruger Dep. at 13, 42-43.

9

> A plaintiff generally has the burden of proving that his employer violated the FLSA. However,
>
>> where the employer's records are inaccurate or inadequate . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.
>
> *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946) (quoted and reaffirmed in *United States Dep't of Labor v. Cole Enters., Inc.*, 62 F.3d 775, 779 (6th Cir.1995)), superseded by statute on other grounds as stated in *Carter v. Panama Canal Co.*, 463 F.2d 1289, 1293 (D.C.Cir.1972).

*Herman v. Palo Group Foster Home, Inc.*, 183 F.3d 468, 472 (6th Cir. 1999).

Defendant appears to concede that it has no records of the hours plaintiff worked, either regular or overtime. *See* Def.'s Mot. for Summ. J. at 16. It will therefore be plaintiff's burden at trial to "produce[] sufficient evidence" of his hours, and defendant's burden to produce counter-evidence or evidence or argument undermining the reasonableness and reliability of plaintiff's evidence. In any event, defendant cannot obtain summary judgment on this issue merely by arguing that plaintiff's evidence, which has not yet been offered in admissible form, is inadequate. Whether plaintiff can prove the number of his overtime hours will be for the trier of fact to determine.

Finally, defendant seeks summary judgment on plaintiff's constructive discharge claim (Count 2). As plaintiff has not responded to this aspect of defendant's motion, the court

deems the claim to be abandoned. The court shall therefore grant summary judgment for defendant on this claim.

For the reasons stated above,

IT IS ORDERED that defendant's motion for summary judgment is denied as to plaintiff's FLSA claim (Count 1) and granted as to plaintiff's constructive discharge claim (Count 2).

                                                  s/Bernard A. Friedman  
                                                  BERNARD A. FRIEDMAN  
                                                  SENIOR UNITED STATES DISTRICT JUDGE

Dated: October 5, 2009  
       Detroit, Michigan

I certify that a copy of the foregoing document was sent to counsel of record via electronric and/or U.S. Mail.

                                                  s/Carol Mullins  
                                                  Case Manager